UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| QUINCY GRIFFIN,                                       )<br>                                                              )<br>            Petitioner,                                  )<br>                                                              )<br>       v.                                                    )     No. 1:19-cv-02461-JPH-DML<br>                                                              )<br>WARDEN,                                              )<br>                                                              )<br>            Respondent.                               ) | |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Quincy Griffin petitions for a writ of habeas corpus challenging a prison disciplinary conviction in case number ISF 18-10-0606. For the reasons explained in this Order, the petition is **DENIED**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

B.  **The Disciplinary Proceeding**

On October 25, 2018, Indiana Department of Correction (IDOC) Correctional Officer T. Alspaugh wrote a Report of Conduct charging the petitioner with battery, a violation of IDOC Adult Disciplinary Code 102. Dkt. 8-1. The Report of Conduct alleges:

> On October 24, 2018 at approximately 2300 hrs. I, Sergeant T. Alspaugh #103 was reviewing the camera system for 12 North for an incident that occurred. On October 24, 2018 at 10:55:44 PM on the 12 North "B" Latrine camera the following occurs; Offender ROUSE, DAVID R. #188973 gets called into the 12 North "B" Latrine by Offender WILSON, DAMION E. #268149. Offender Rouse walks into the 12 North "B" Latrine, and Offender Wilson uses a closed fist and strikes Offender Rouse in the facial region. Offender Rouse throws a closed fist towards Offender Wilson's facial region, at this time Offender WATSON, KEVIN L. #264199 and Offender TINSLEY, DARIUS #179838 run into the 12 North "B" Latrine and use a closed fist to strike Offender Rouse in the head and torso area. At 10:55:54 PM Offender GRIFFIN, QUINCY #148018 can be seen through the mirror using a closed fist and striking who appears to be Offender Rouse in his head region Offender BROWN, NICHOLAS #145987 can be seen running into the 12 North "B" Latrine at 10:55:56 PM and through the mirror you can see Offender Brown stomp on who appears to be Offender Rouse's head / torso region. A group of offenders run into the 12 North "B" Latrine to break up the altercation. Offender Rouse sustained multiple facial and head laceration from this altercation, Offender Rouse was sent out to the hospital due to his head injuries he sustained for the altercation and treated at the hospital. Offender GRIFFIN, QUINCY #148018 was informed of this conduct and identified by his State issued identification.

*Id.*

The petitioner was notified of the charge on November 2, 2018, when he received a copy of the Screening Report and pleaded not guilty. Dkt. 8-2. He did not ask to call any witnesses but did ask for a copy of the video. *Id.* He did not waive 24-hour written notice of the disciplinary hearing. *Id.*

On November 15, 2018, the disciplinary hearing officer reviewed the video evidence and completed a report summarizing its contents. Dkt. 8-7. The report states:

> On 11/15/18 I Sgt Nauman reviewed the date and time as requested by you. During the time reviewed you can be seen in the latrine while offenders strike another. You can be seen in the mirror making a quick jerking movement. After you leave with the others.

*Id.* The petitioner was given a copy of this report on November 15, 2018. *Id.*

This matter proceeded to a disciplinary hearing on November 16, 2018. Dkt. 8-5. The petitioner told the hearing officer that he never put his hands on Rouse and only went into the latrine to try to defuse the situation. *Id.* Rouse provided a written witness statement informing the disciplinary hearing officer that he does not remember the details of the incident. Dkt. 8-6. After considering the petitioner's statement, witness statements, the report of conduct, and video evidence, the disciplinary hearing officer amended the charge to conspiring/attempting/aiding or abetting battery and found the petitioner guilty. Dkt. 8-5. The petitioner received a deprivation of 365-days earned credit time and a demotion in credit-earning class. *Id.*

The petitioner appealed his disciplinary conviction to the Facility Head and the IDOC Final Reviewing Authority. Dkts. 8-9, 8-10. He argued that there was insufficient evidence to support his disciplinary conviction and that he did not receive 24 hours advanced written notice of the amended charge. *Id.* These appeals were denied. *Id.* He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C. Analysis**

The petitioner raises three grounds for relief, which the Court restates as follows: (1) the disciplinary conviction is not supported by sufficient evidence; (2) the petitioner was not given 24 hours advance written notice of the amended charge; and (3) the petitioner was denied his right to an impartial decisionmaker.

**1. Sufficiency of the Evidence**

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat*, 288 F.3d at 981. "[T]he relevant question is whether there is any evidence in the record that could support the

conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The Report of Conduct alone may provide some evidence to support the disciplinary conviction if the report "describes the alleged infraction in sufficient detail." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

The petitioner was found guilty of conspiring/attempting/aiding or abetting battery. The Court has reviewed the video evidence supporting the disciplinary conviction. The video shows two inmates engaged in what appears to be an aggressive exchange of words. Dkt. 11. When one inmate strikes the other, approximately half a dozen other inmates pour into the latrine and enter the fray. *Id.* Although the actual fighting occurs off camera, fragments of the scene are reflected in the bathroom mirrors. *Id.* The Report of Conduct states that the petitioner "can be seen through the mirror using a closed fist and striking who appears to be Offender Rouse in his head region." Dkt. 8-1. The disciplinary hearing officer reviewed the video independently and found that the video showed the petitioner make a "quick jerking movement." Dkt. 8-7.

The disciplinary hearing officer had sufficient evidence that the petitioner was at least conspiring or attempting to commit battery. The hearing officer noted that the petitioner "can be seen in the latrine while offenders strike [one] another" and that the petitioner left "with the others" after he made the "quick jerking movement." Dkt. 8-7. That timing and context to the petitioner's "quick jerking movement" provide "some evidence" that "could support" the decision that the petitioner was attempting to join the right rather than end it. *Hill*, 472 U.S. at 455-56. The disciplinary hearing officer was not required to find credible the petitioner's statement claiming he entered the latrine as a peacemaker attempting to defuse the situation. The petitioner's argument to the contrary is a request to reweigh the evidence, which this Court may not do. *See See Calligan v. Wilson*, 362 F. App'x 543, 545 (7th Cir. 2009) (citing *Hill*, 472 U.S. at 455; *Scruggs*, 485 F.3d at 941. Accordingly, the petitioner's request for relief on this ground is **denied**.

4

### 2. Adequate Written Notice

Due process requires that an inmate be given advanced "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations and quotation marks omitted). Prison officials may amend the disciplinary charge at the disciplinary hearing as long as the original charge sets forth sufficient facts to apprise the inmate that he may be subject to the amended charge. *Id.* (original charge of conspiracy and bribery provided adequate notice of amended charge for trafficking); *see also Reese v. Davis*, 81 F. App'x 869, 870 (7th Cir. 2003) (original charge of battery with a weapon or causing serious injury provided adequate notice for amended charge of battery without a weapon or without causing serious injury); *Wilson v. McBride*, 93 F. App'x 994, 995-96 (7th Cir. 2004) (original charge of attempted battery provided adequate notice for amended charge of disorderly conduct).

In this case, the original charge provided the petitioner with adequate notice for the amended charge. The original and amended charges involve the same underlying factual allegations. The primary difference is that unlike the original charge, the amended charge does not allege that the petitioner's fist actually made contact with another inmate. The petitioner's statement that he entered the latrine with the intent to break up the fight could be raised in defense of either charge. It is not clear what other evidence or arguments the petitioner could have offered if he had been given advanced written notice that the charge would be amended. Accordingly, his request for relief on this ground is **denied**.

### 3. Right to an Impartial Decisionmaker

A district court may not grant a state prisoner's petition for a writ of habeas corpus "unless it appears that" the petitioner "has exhausted the remedies available in" the state's courts. 28 U.S.C. § 2254(b)(1)(A). When the petitioner "has not exhausted a claim and complete exhaustion is no longer available, the claim is procedurally defaulted," and the district court may not grant habeas relief based on that claim. *Martin v. Zatecky*, 749 F. App'x 463, 464 (7th Cir. 2019).

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the IDOC Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent petition for habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Martin*, 749 F. App'x at 464 (citing *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004)). Procedural default caused by failure to exhaust administrative review can be overcome if the petitioner shows cause and prejudice or shows that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002).

The petitioner did not argue that he was denied the right to an impartial decisionmaker in his administrative appeals and may not present this claim for the first time on federal habeas review. Accordingly, his request for relief on this ground is **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Cox to the relief he seeks.

Accordingly, Mr. Cox's petition for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. Judgment consistent with this Order shall now issue.

**SO ORDERED**.

Date: 6/30/2020

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

QUINCY GRIFFIN
148018
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL
benjamin.jones@atg.in.gov